

**DAN MORALES**
ATTORNEY GENERAL

# Office of the Attorney General
## State of Texas

June 4, 1991

Honorable Ernestine V. Glossbrenner
Chairman
Public Education Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas 78768-2910

Opinion No.   DM- 27

Re:   Whether section 13.352(d) of the Texas Education Code authorizes a principal of a public school to reject teachers who are transferred by the school district, or voluntarily transfer, to his school; and whether the principal's approval authority extends to all school staff   (RQ-39)

Dear Ms. Glossbrenner:

You have requested clarification of section 13.352(d) of the Texas Education Code, which provides the following:

(d) Each principal shall:

(1) approve all teacher and staff appointments for that principal's campus from a pool of applicants selected by the district or of applicants who meet the hiring requirements established by the district, based on criteria developed by the principal after informal consultation with the faculty.

You explain that school districts are divided about the interpretation of this provision. "Some districts believe it to mean the principal must approve only newly hired teachers and that the law does not give the principal authority to reject (1)  teachers who are transferred to his/her campus by the school district administration or (2)  teachers whom the district approves for voluntary transfer to his/her campus."   You also ask whether the provision extends to the "assignment of all campus staff (including such positions as librarian, counselor, nurse, custodian)" or whether it applies only to instructional staff.

Section 13.352(d) was amended to its present form in 1990. A comparison of the pre- and post- amendment versions indicates that the purpose of the amendment was to give principals more control over their campuses with a view to greater principal accountability for campus conditions and student achievement. *See also* Bill Analysis S.B.1, 71st Leg., 6th C.S. (1990) "Accountability and Incentive Elements" (Campus Performance Objectives); Senate Educ. Comm. Synopsis of S.B.1, *Accountability and Incentive Elements of Senate Bill 1 Sixth Called Session* (Principals) (1990) at 3; HOUSE RESEARCH ORGANIZATION, WRAP UP OF THE 1990 SPECIAL SESSIONS ON PUBLIC EDUCATION, at 36-47 (July 31, 1990). Before amendment, section 13.352(d) merely authorized principals to "participate in the selection of teachers for that principal's campus." Nothing in the language of the statute suggests that the principal's authority to approve the appointment of a teacher to his campus is restricted to teachers newly hired by the district or that the principal is bound by transfer decisions of the district administration. Furthermore, the statute recognizes the principal's authority to make selection decisions based on criteria "developed by the principal after informal consultation with the faculty," i.e., criteria unique to the particular campus. The principal's authority to shape his campus through application of unique criteria would be diminished in derogation of section 13.352(d) if the school district could mandate the principal's acceptance of transferred teachers. We therefore find that the approval authority granted by the provision extends to teachers transferring within the district.

We believe that the language and history of section 13.352(d) also answer your second question. Prior to the 1990 amendment, the principal's role in the selection process for his campus extended only to the selection of teachers. The provision now establishes the principal's authority over "all teacher and staff appointments." This is clear authority for the principal to exercise his discretion in selecting individuals to fill staff as well as instructional positions on his campus.

## SUMMARY

Section 13.352(d) of the Texas Education Code grants authority to public school principals to approve all teacher and staff appointments on their

campuses.  They are therefore not required to accept teachers approved for transfer to their campuses by the school district administration.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

Madeleine B. Johnson
Chair, Opinion Committee

Prepared by Faith Steinberg
Assistant Attorney General